MERWIN, The F. See Cases Nos. 4,893 and 10,369.

---

## Case No. 9,491.

### MESA v. UNITED STATES.

[Hoff. Land Cas. 66.] [1]

District Court, D. California. June Term, 1855.

MEXICAN LAND GRANT—OBJECTION BY BOARD—ADDITIONAL TESTIMONY.

The objection by the board to the confirmation of this claim obviated by the additional testimony taken in this court.

Claim for about half a league of land in Santa Clara county, rejected by the board, and appealed by the claimant [Maria Antonia Mesa].

Jeremiah Clarke, for appellant.
S. W. Inge, U. S. Atty., for appellees.

Before HOFFMAN, District Judge.

This case has been submitted to the court without argument; we are referred, however, by the district attorney to the opinion of the board of commissioners for a statement of the objection to the validity of the claim on which he relies. The ground on which the claim was rejected by the board was that there was no description of the granted land, either in the grant itself or the map which accompanies it, sufficient to designate it and effect its segregation from the public domain, or rather from the adjoining mission lands, out of which it was to be taken. The land is described in the grant as the land known as the [Rancho] Rinconada del Arroyo de San Francisquito, and bordering on the land of the Pulgas, belonging to Doña Soledad Ortega, and on the land of the establishment of Santa Clara. By reference to the map, the course of the Arroyo San Francisquito, which is the southern boundary of the Pulgas land, appears clearly laid down. The northern boundary of the land intended to be granted is thus ascertained, but the claim was reject-

[1] [Reported by Numa Hubert, Esq., District Judge, and here reprinted by permission.]

ed by the board because "there are no other indications or lines on the map to show the size, the shape, or the location of the tract," the only information conveyed by the map being that the land fronts somewhere on that creek, but on what portion of it, or to what extent does not appear. It is unnecessary to inquire how far the legal principle upon which the decision of the board is founded, is affected by the case of Fremont v. U. S. [17 How. (58 U. S.) 542]. From additional testimony of Aaron Van Dorn taken in this court, it appears that, as a deputy United States surveyor, he has surveyed the adjoining ranchos, and is acquainted with the surrounding country, and that there is no difficulty whatever in locating the land by means of the calls in the grant and the map. This witness testifies that the principal objects mentioned for boundaries are natural objects, well known and defined. That those objects exist to the witness' own knowledge, and that while making a survey of the adjoining ranchos, a certified copy of the map in this case constituted a part of his instructions from the surveyor general. The objection therefore raised by the board to the claim would seem to be entirely obviated by this testimony. In confirmation of this evidence, it may be observed that the tract of land solicited appears from the documents in the expediente to have been well known to the governor, and by those officers whom he directed to report upon the application.

The petition asks for a piece of land adjacent to the lower part of San Francisquito creek on the south, the situation of which forms a corner, as will appear by the map; said location is bordering on the Pulgas rancho, and its extent is probably half a square league. The petitioner further states that about two years before, he had obtained permission to occupy this land from the administrator of Santa Clara. The officers to whom reference for information is had, report that the land solicited is known to belong to the mission of Santa Clara, and that, as the map shows, part of it belongs to the widow Soledad Ortega. José Estrada reports that the land on which the house is situated, belongs to the heirs of Don Louis Arguello, and on the land in the direction of Santa Clara, on this side of the San Francisquito, the cattle and horses of the ex-mission pastured, and that it is the only watering place on said location. The prefect to whom the governor refers the whole matter, reports that the house, which, according to the map, stands on the land belonging to the widow Soledad, has been moved, as he is informed by the petitioner, and that the cattle of the ex-mission have enough land above what the petitioner solicits. We think it evident from the general tenor of these reports, that the governor and the officers must have had a clear and definite idea of the situation and extent of the land intended to be granted, and when in addition we have the direct testi-

mony of a deputy United States surveyor that the land can, by means of the map and the calls on the grant, be readily located, we think that no ground remains for the rejection of this claim for want of definiteness. No other objection is mentioned by the commissioners. The genuineness of the grant is not disputed, and the grantee appears to have fully complied with the conditions.

A decree of confirmation must therefore be entered.